ACCEPTED
01-14-00892-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 7:04:01 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00892-CV

In the Court of Appeals
For the First Judicial District
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 7:04:01 PM
CHRISTOPHER A. PRINE
Clerk

---

ADELAIDA SALAZAR BAUTISTA A/K/A ADELAIDA ALVARADO,
INDIVIDUALLY AND AS NEXT FRIEND OF MARIA JENNIFER AIDE
A/K/A MARIA JENNIFER ALVARADO, A. A. A. A., I. S. A., M. A., AND E.
A., MINORS; AND IRINEO ALVARADO AND MARIA ANA MOCTEZUMA

Appellants,

v.

TRINIDAD DRILLING LIMITED,

Appellee.

---

On Appeal from the
270th Judicial District Court of Harris County

---

## APPELLEE TRINIDAD DRILLING LIMITED'S BRIEF

---

Sean Higgins
Texas Bar No. 24001220
Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
909 Fannin Street, Ste. 3300
Houston, Texas 77010
(713) 353-2000
(713) 785-7780 (Fax)
Sean.Higgins@wilsonelser.com
**ATTORNEY FOR APPELLEE**

213232v.1

## IDENTITY OF PARTIES AND COUNSEL

1. Appellants:

   a. Adelaida Salazar Bautista a/k/a Adelaida Alvarado, Individually, and as next friend of Maria Jennifer Aide a/k/a Maria Jennifer Alvarado, Aurelia Alvarado, Alejandra Alvarado, Ivan Salazar Alvarado, Marian Alvarado and Eduardo Alvarado, Minors

   Represented by:

   > Geoffrey E. Schorr
   > geoff@schorrfirm.com
   > Texas Bar No. 24029828
   > A. Jared Aldinger
   > Texas Bar No. 24068456
   > jared@schorrfirm.com
   > SCHORR LAW FIRM, PC
   > 328 W. Interstate 30, Suite 2
   > Garland, TX 75043
   > Tel. (972) 226-8860
   > Fax (972) 226-9787

   > Andrew P. McCormick
   > Texas Bar No. 3457100
   > amccormick@mlm-lawfirm.com
   > McCORMICK, LANZA & McNEEL, LLP
   > 4950 Bissonnet Street
   > Bellaire,TX 77401
   > Tel. (713) 523-0400
   > Fax (713) 523-0408

   b. Irineo Alvarado and Maria Ana Moctezuma

   Represented by:

   > Justin K. Hall
   > Texas Bar No. 90001828
   > jkhall@justinkhall.com
   > The Law Offices of Justin K. Hall, P.C.

213232v.1

328 W Interstate 30, Suite 2
Garland, Texas 75043
Tel. (972) 226-1999
Fax (972) 226-2221

Andrew P. McCormick
Texas Bar No. 3457100
amccormick@mlm-lawfirm.com
McCORMICK, LANZA & McNEEL, LLP
4950 Bissonnet Street
Bellaire, TX 77401
Tel. (713) 523-0400
Fax (713) 523-0408

2. Appellee:

Trinidad Drilling, Ltd.

Represented by:

Sean Higgins
Texas Bar No. 24001220
**(Appellate Counsel)**
Michael Beckelman
Texas Bar No. 24042401
**(Trial Counsel)**
michael.beckelman@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
909 Fannin Street, Ste. 3300
Houston, TX 77010
Tel. (713) 353-2000
Fax (713) 785-7780

213232v.1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. **VI**

**STATEMENT REGARDING ORAL ARGUMENT**ERROR! BOOKMARK NOT DEFINED.ERROR! BOO

**STATEMENT OF THE CASE**ERROR! BOOKMARK NOT DEFINED.ERROR! BOOKMARK NOT DEFIN

**STATEMENT OF ISSUES PRESENTED** ................................................................. **IX**

    *I.*      *Whether the trial court correctly determined that Trinidad Ltd., a Canadian corporation with its principal place of business in Canada, is not subject to specific personal jurisdiction, where:* ........................................................ *ix*

         A.      Plaintiffs alleged that Trinidad Ltd. was negligent but did not allege the existence of Texas contacts giving rise to their claim against Trinidad Ltd; ............................................................................................. ix

         B.      Trinidad Ltd. controverted Plaintiff's the any jurisdictional allegations through affidavit testimony; and .......................................................... ix

         C.      Plaintiffs did not present evidence of relevant jurisdictional contacts between Trinidad Ltd. and Texas .............................................................. ix

    *II.*      *Whether the trial court correctly determined that Trinidad Ltd, a Canadian corporation headquartered in Canada, is not subject to general personal jurisdiction in Texas where* ........................................................... *ix*

         A.      Trinidad Ltd. presented affidavit testimony controverting the existence of general personal jurisdiction; .................................................. ix

         B.      Plaintiffs did not allege –and specifically disavowed- any claim that the Court should fuse Trinidad Ltd. with its indirect subsidiary, Trinidad Drilling Limited Partnership ("Trinidad LP") for the purpose of determining jurisdiction; and ...................................................................x

         C.      Uncontroverted evidence shows that Trinidad LP is in fact a separate entity from Trinidad Ltd. ...........................................................................x

**STATEMENT OF FACTS** ..........................................................................................**1**

    *A.*      *The lawsuit.* ...........................................................................................*1*

    *B.*      *Trinidad Ltd. is a Canadian corporation headquartered in Canada that does not conduct business in Texas.* ....................................................................*1*

C.      *Trinidad Ltd, and Trinidad LP are separate entities.* ..............................................2

D.      *Plaintiffs' allegations against Trinidad Ltd.*..................................................3

E.      *Trinidad Ltd's special appearance.* ............................................................4

**SUMMARY OF ARGUMENT**................................................................................5

**STANDARD OF REVIEW** ....................................................................................6

**ARGUMENT**..........................................................................................................8

    I.      *Trinidad Ltd. is not subject to specific personal jurisdiction.* ...............8

         A.      Plaintiffs' allegations do not establish specific personal jurisdiction...........9

             1.      Plaintiffs' have the burden of proving parental control. .................9

             2.      Plaintiffs only allege negligence, and not Texas contacts. ........... 11

         B.      Trinidad Ltd. controverted Plaintiffs' allegations......................................14

         C.      The evidence does not support the existence of specific personal jurisdiction. ...............................................................................................15

             1.      Trinidad Ltd. has an employee with the job title, "top drive rig superintendent." .......................................................................... 15

             2.      The "remedial action" email. ......................................................... 16

             3.      Rodney Forman................................................................................ 18

             4.      Trips to Texas & knowledge of Trinidad LP. ............................... 18

    II.      *Trinidad Ltd. is not subject to general personal jurisdiction.* .............................19

**REQUEST FOR RELIEF** ....................................................................................21

213232v.1

# TABLE OF AUTHORITIES

## CASE

*11327 Reeder Road, Inc.*, 2013 WL 4478202 *5 (Tex. App. –Dal. 2013) ..................................... 9

*American Type Culture Collection, Inc.* v. *Coleman,*
    83 S.W.3d 801 (Tex. 2002) ................................................................................ 9

*BMC Software Belgium, N.V.* v. *Marchand,*
    83 S.W.3d 789 (Tex.  2002) ......................................................... 6, 10, 11, 18, 19

*Kelly* v. *Gen'l Interior Construction, Inc.,*
    301 S.W.3d 653 (Tex. 2010 ............................................................................. 9

*Knight Corp.* v. *Knight,*
    367 S.W.3d 715 (Tex. App. –Hou [14th Dist.] 2012) ............................................. 19

*Michiana Easy Livin' Country, Inc.* v. *Holten,*
    168 S.W.3d 777 (Tex. 2005) ................................................ 8, 11, 12, 13, 18

*Moncrief Oil Int'. Inc.* v. *OSO Gazprom,*
    414 S.W.3d 142 (Tex. 2013) ..................................................................... 8, 16

*PHC-Minden, LP* v. *Kimberly Clark Corp.,*
    235 S.W.3d 163 (Tex. 2007) ...................................................................... 18


Tex. Civ. Prac. & Rem. Code §51.014(a)(7). ............................................................. vii

Texas Labor Code § 408.001. ................................................................................ 1

## RULES AND REGULATIONS

Tex. R. Civ. P. 120a.3 ......................................................................................... 7

## STATEMENT REGARDING ORAL ARGUMENT

The facts and the law are clear.  Oral argument will not assist the Court in deciding

this case.

213232v.1

## STATEMENT OF THE CASE

This is an interlocutory appeal of an order granting a special appearance pursuant to Tex. Civ. Prac. & Rem. Code §51.014(a)(7).

The Appellants, Adelaida Salazar Batista et al. ("Plaintiffs") sued Appellee Trinidad Drilling Ltd. ("Trinidad Ltd.") and several other defendants for the wrongful death of Nabor Alvarado in the 170th Judicial District Court of Harris County Texas, the Hon. Brent Gamble presiding.

Trinidad Ltd., a Canadian corporation headquartered in Canada, filed a special appearance which the trial court granted on October 13, 2014 . CR 128. Plaintiffs appeal that order.

213232v.1

# STATEMENT OF ISSUES PRESENTED

I.        Whether the trial court correctly determined that Trinidad Ltd., a Canadian corporation with its principal place of business in Canada, is not subject to specific personal jurisdiction, where:

        A.    Plaintiffs alleged that Trinidad Ltd. was negligent but did not allege the existence of Texas contacts giving rise to their claim against Trinidad Ltd.;

        B.    Trinidad Ltd. controverted Plaintiff's jurisdictional allegations through affidavit testimony; and

        C.    Plaintiffs did not present evidence of relevant jurisdictional contacts between Trinidad Ltd. and Texas.

II.       Whether the trial court correctly determined that Trinidad Ltd., a Canadian corporation headquartered in Canada, is not subject to general personal jurisdiction in Texas where:

        A.    Trinidad Ltd. presented controverted the existence of general personal jurisdiction through affidavit testimony.

ix

213232v.1

B.     Plaintiffs did not allege –and specifically disavow - any claim that the Court should fuse Trinidad Ltd. with its indirect subsidiary, Trinidad Drilling Limited Partnership ("Trinidad LP") for the purpose of determining jurisdiction; and

C.     Uncontroverted evidence shows that Trinidad LP is in fact a separate entity from Trinidad Ltd.

x

## STATEMENT OF FACTS

### A. The lawsuit.

Nabor Alvarado ("Alvarado") died in an accident while working on a gas rig owned by his employer, Trinidad LP. CR 35-38. At the time of the accident, Alvarado was in the course and scope of his employment with Trinidad LP. Trinidad LP is a subscriber under the Texas Worker's Compensation Act. CR 37.

Plaintiffs sued Trinidad LP for exemplary damages based on gross negligence pursuant to Texas Labor Code § 408.001. CR 36-37. Plaintiffs also sued the manufacturers of the rig and rig equipment for product liability and negligence. CR 36-39. Through their Second Amended Petition, Plaintiffs sued Trinidad Ltd. for negligence. SCR 151-68.[1]

### B. Trinidad Ltd. is a Canadian corporation headquartered in Canada that does not conduct business in Texas.

Trinidad Ltd. is a Canadian corporation that is organized in Alberta, Canada. Lane Aff. 2, CR 28. Trinidad Ltd. is not a direct owner of Alvarado's employer,

---

[1] Supplemental Clerk's Record

213232v.1

Trinidad LP or its general or limited partners.[2]  CR 28-29 & 31.  Trinidad Ltd. and Trinidad LP are separated by a chain of four entities.  *Id.*

Trinidad Ltd. does not conduct business in Texas.  SCR 353.  It does not own property in Texas, does not have its own bank accounts in Texas, and does not have a place of business in Texas.  CR 29.

Trinidad Ltd. has established and invested in separate entities that conduct business in the United States and South America.   SCR 353-54.  Trinidad LP is one of these entities.  *Id.*

## C.      Trinidad Ltd., and Trinidad LP are separate entities.

Trinidad LP and Trinidad Ltd. are separate and distinct entitites.  CR29-30, SCR 353-54.  Each has its own directors, management and employees.  Each entity pays its own employees, taxes and expenses.  *Id.*  Trinidad Ltd. and Trinidad LP do not commingle their funds.  SCR 353-54.  Transactions between Trinidad Ltd. and Trinidad LP are documented.   SCR 354.

Trinidad LP has its own assets.  One such asset is the rig involved in the accident. SCR 356.  Trinidad LP purchased this rig directly from the manufacturer

---

[2] Trinidad Drilling LLC, a Delaware Limited Liability Company, is the general partner of Trinidad LP.  Trinidad Drilling USA Ltd., a Delaware corporation, is the limited partner.

in order to perform a drilling contract between it and Chesapeake Operating Co. *Id.* This drilling contract is in evidence. *Id.* SCR 444-57. Under the contract, Chesapeake agreed to pay Trinidad LP for its services and reimburse it for its expenses in performing the contract, including the cost of transporting the rig to Texas. *Id.* Trinidad LP financed its purchase of the rig through an inter-company loan from Trinidad Ltd. CR 356.

## D.    Plaintiffs' allegations against Trinidad Ltd.

Plaintiffs joined Trinidad Drilling Ltd in their Second Amended Petition. They alleged only generally that Trinidad Ltd. conducts business in Texas. SCR 153.

In their third amended petition -the live petition at the time of judgment-Plaintiffs alleged that Trinidad Ltd. was Trinidad LP's parent and "exercised ownership, control and took responsibility for overseeing safety policies and procedures for the crews and on the drilling rigs" of Trinidad LP. 3rd Am. Pet. ¶4.07, CR 38. They alleged that Trinidad Ltd. knew of five incidents similar to the one involving Alvarado. *Id.* at ¶4.08. And they alleged that Trinidad Ltd. was "negligent in failing to properly oversee, instruct, train and/or supervise the safe operation of rigging up the drilling rig." *Id.* at ¶4.09.

3

### E. Trinidad Ltd.'s special appearance.

Trinidad Ltd. filed a special appearance and negated the existence of jurisdiction through two affidavits by Gavin Lane, its vice president for finance. CR 14-31. SCR 353-58. Lane testified that Trinidad Ltd. lacks business contacts with Texas: that it is not registered or authorized to conduct business in Texas, does not have property or employees in Texas, does not maintain an office in Texas, and does not directly market to the state. *Id.* Lane testified trips to Texas by Trinidad Ltd. employees were made for the purpose of overseeing Trinidad Ltd.'s startup and investment in Trinidad LP. *Id.* He also testified that Trinidad Ltd. and Trinidad LP are separate and distinct entities.

The court granted Trinidad Ltd.'s special appearance through an order signed on October 13, 2014. CR128-29.

213232v.1

## SUMMARY OF ARGUMENT

The trial court correctly granted Trinidad Ltd.'s special appearance.

Plaintiffs argue that the trial court erred because they established limited personal jurisdiction by alleging that Trinidad Ltd. negligently controlled and oversaw Trinidad LP's drilling operations. This is a thinly disguised attempt at jurisdictional veil piercing. Plaintiffs did not present any evidence that Trinidad LP is Trinidad Ltd.'s alter ego.

Nor did Plaintiffs allege (or prove) the existence of purposeful contacts between Trinidad Ltd. and Texas that give rise to their claims. They allege only that Trinidad Ltd. was negligent, and that this negligence caused an injury in Texas. These allegations, without more, do not support specific personal jurisdiction.

With Plaintiffs failing to make allegations that establish specific jurisdiction, it was not Trinidad Ltd.'s burden to present evidence controverting the existence of jurisdiction. Trinidad Ltd., nevertheless, did so. And Plaintiffs failed to present evidence supporting the existence of specific personal jurisdiction.

213232v.1

Trinidad Ltd. is not subject to general personal jurisdiction in Texas. Trinidad Ltd. negated the existence of general jurisdiction. And there is no evidence that Trinidad Ltd. has a continuous and systematic presence in Texas.

For these reasons, this Court should affirm the trial court's judgment.

## STANDARD OF REVIEW

The applicable standard for reviewing the grant or denial of a special appearance is well established. The appellate court conducts *de novo* review of the trial court's legal conclusions, and reviews findings of fact for legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002).

Plaintiffs urge the Court to depart from this standard by reviewing the trial court's implied factual findings *de novo,* drawing all inferences in favor of jurisdiction. They argue that this standard should apply whenever the trial court decides a special appearance without live testimony. This is both irrelevant and incorrect.

First, it is irrelevant because it makes no difference in the outcome of this case. None of the evidence cited by Plaintiffs supports an inference in favor of jurisdiction.

6

Second, it is incorrect. Reviewing findings of fact *de novo* would strip the trial court of its fact finding function in determining personal jurisdiction. Rule 120a contemplates that trial courts will determine special appearances primarily on the basis of a paper record. The rule states: "the court shall determine the special appearance on the basis of the pleadings, any stipulations . . . such affidavits and attachments as may be filed by the parties, the results of discovery processes and *any* oral testimony." Tex. R. Civ. P. 120a.3.

Most special appearances are decided on the basis of a paper record. This is because a defendant who is challenging the court's authority to require his appearance is unlikely to travel to Texas to testify in person at the special appearance hearing. Hence, adopting Plaintiffs' standard would mean that appellate courts must re-determine the facts every time a special appearance is appealed.

When the trial court decides a special appearance, it makes the threshold determination of whether the defendant is subject to the court's jurisdiction. This is not a summary judgment on the merits. The standard of review urged by Plaintiffs is incorrect.

213232v.1

## ARGUMENT

### I.        Trinidad Ltd. is not subject to specific personal jurisdiction.

Purposeful availment is the "touch stone" for personal jurisdiction. This means that personal jurisdiction only arises when there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 778 (Tex. 2005) [hereinafter, *Michiana*].

Stated differently, the defendant must seek "some benefit, advantage or profit by availing itself of the jurisdiction." *Id.* A defendant's mere knowledge that the effects of its conduct -"the brunt of the injury-" might be felt in Texas is not purposeful availment. *Id.* at 788.

Where the question is specific personal jurisdiction, purposeful contacts alone are not enough. The plaintiff's claims must arise from the defendant's purposeful contacts. *Moncrief Oil Int'. Inc. v. OSO Gazprom,* 414 S.W.3d 142, 156 (Tex. 2013).

Purposeful availment is a form of consent to suit within the state. Hence, a nonresident who "purposefully structure[s] its transactions to avoid the benefits and protections of the forum's laws" may avoid submitting to jurisdiction.

213232v.1

*American Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 808 (Tex. 2002). One way for a party to accomplish this objective is to "use separate . . . entities to conduct business in Texas." *Guarino v. 11327 Reeder Road, Inc.,* 2013 WL 4478202 *5 (Tex. App. –Dal. 2013, no pet.) (Mem. Op.)

Plaintiffs bore the initial burden of pleading allegations that, taken as true, establish the existence of specific personal jurisdiction. Plaintiffs did not meet their initial burden. *Kelly v. Gen'l Interior Construction, Inc.* 301 S.W.3d 653, 658 (Tex. 2010)

Nevertheless, Trinidad Ltd. did controvert the existence of personal jurisdiction. And Plaintiffs evidence does not support specific personal jurisdiction.

The trial court's judgment, therefore, should be affirmed.

### A. Plaintiffs allegations do not establish specific personal jurisdiction.

#### 1. Plaintiffs' have the burden of proving parental control.

Plaintiffs allege that Trinidad Ltd. controlled Trinidad LP's activities and did this in a negligent manner. They argue that these allegations alone establish specific personal jurisdiction.

9

Plaintiffs deny that they are attempting to establish jurisdiction through veil piercing. Yet this is precisely what they are attempting to accomplish. Plaintiffs' allegations do not bring Trinidad Ltd. within the Court's jurisdiction.

Texas law presumes that separate entities are indeed separate. Hence, a party who attempts to establish jurisdiction by challenging the distinct existence of a business entity must go beyond pleading and present evidence. *BMC Software Belgium, BV v. Marchand,* 83 S.W.3d 789, 798 (Tex. 2002). [herinafter *BMC Software*]. The plaintiff has the burden of showing that "the parent controls the internal business operations and affairs of the subsidiary." *Id.* at 799.

In an effort to avoid this presumption, Plaintiffs characterize their claim as one for direct negligence by a corporate parent. This is a distinction without a difference. Plaintiffs are still challenging Trinidad LP's independence from Trinidad Ltd. The presumption of independence should apply whether the plaintiffs expressly challenge all aspects of independence or just one.

Accepting Plaintiffs' gambit would allow parties to routinely circumvent the presumption of corporate independence. A plaintiff would be able to hail a corporate parent into Texas simply by alleging that the parent exercised improper corporate control in a negligent manner.

213232v.1

Furthermore the purpose of jurisdictional veil piercing is to prevent fraud or injustice. *BMC Software,* 83 S.W.3d at 799. There is no fraud or injustice in this case.

Trinidad Ltd. exercised its right to structure its transactions to avoid purposefully availing itself of the protections of Texas law. It accomplished this objective by establishing a separate entity, Trinidad LP, that conducts business in Texas. Trinidad LP employed Alvarado. Trinidad LP is answerable to Plaintiffs in Texas. Indeed, according to Plaintiffs' petition, Trinidad LP supplied Alvarado with workers' compensation insurance, thereby guaranteeing Plaintiffs a remedy. CR 36-37.

### 2. Plaintiffs do not allege relevant Texas contacts.

Despite this, Plaintiffs would have the court impose jurisdiction based solely on their allegation that Trinidad Ltd. committed negligence that caused an injury in Texas. But specific personal jurisdiction does not arise from an allegation that the effects of a defendant's negligence are felt in Texas. Specific personal jurisdiction arises from actual contacts between the defendant and Texas. *Michiana,* 168 S.W.3d at 791-92.

Plaintiffs do not allege the existence of a single contact between Trinidad Ltd. and the state of Texas that gives rise to their claims. They argue instead that

11

they have supplied the required contacts by alleging that Trinidad Ltd.'s negligence caused Alvarado's death. *Michiana* demonstrates that Plaintiffs are incorrect.

In *Michiana*, a Texas plaintiff attempted to establish personal jurisdiction over an Indiana RV dealer by alleging that the dealer made misrepresentations over the telephone. *Michiana,* 168 S.W.3d at 784. The Supreme Court categorically rejected the attempt.

The Court held that personal jurisdiction only arises from the defendant's contacts with the state, and that state contacts are different from the commission of a tort. The Texas contacts of a nonresident defendant are matters "of physical fact," the Court explained, whereas the commission of a tort turns on "what the parties thought, said or intended." *Id.* at 791.

The Court further explained that a rule permitting personal jurisdiction to arise solely from a tort causes an injury in Texas incorrectly ties personal jurisdiction to the merits of the plaintiff's claim. *Id.* at 792. This approach requires a nonresident who challenges jurisdiction to prove that he is not liable to plaintiff. *Id.* This is not the correct focus of the jurisdictional inquiry, which turns on the defendant's contacts with the state:

12

> Michiana . . . rightly focused its jurisdictional affidavits on a lack of *contacts* rather than lack of *culpability*. Jurisdiction cannot turn on whether a defendant denies wrongdoing –as virtually all will. Nor can it turn on whether a plaintiff merely alleges wrongdoing –again as virtually all will. If committing a tort establishes jurisdiction, our colleagues will have to decide who is correct –and then the Texas jurisdictional rule will be: guilty residents can be sued here, innocent ones cannot.

*Id.* at 791.

Plaintiffs advance the very argument that the Supreme Court rejected in *Michiana.* They have not alleged the existence of a single contact between Trinidad Ltd. and Texas that give rises to their claim.[3] They argue instead that their allegation that Trinidad Ltd. was negligent and supplies the state contacts.

Indeed, Plaintiff argue that the trial court was required to find jurisdiction because they alleged that Trinidad Ltd. was negligent and "there can be no dispute as to the merits of Plaintiffs' claims at this stage of the proceeding." Pls. Brief at 15. This is the precise opposite of what *Michiana* requires. In Michiana, the Court placed the merits off limits because jurisdiction must arise from the defendant's Texas contacts, not from an alleged tort that causes an injury in Texas.

---

[3] Plaintiffs made only the barest of allegations concerning Trinidad Ltd.'s presence in Texas, pleading only that Trinidad Ltd. "is a foreign corporation who has engaged in business in the State of Texas." 3rd Am. Pet. ¶1.09, CR 34. Trinidad Ltd. controverted these allegations through Gavin Lane's affidavits, filed in support of its Special Appearance. CR 14-31; SCR 3523-58.

Plaintiffs' allegations do not support the existence of specific personal jurisdiction over Trinidad Ltd. The trial court's judgment should be affirmed.

## B.     Trinidad Ltd. controverted Plaintiffs' allegations.

Plaintiffs' allegations did not establish the existence of personal jurisdiction, therefore Trinidad Ltd. was not required to controvert those allegations. But if the Court disagrees, Trinidad Ltd. controverted any jurisdictional allegations by presenting two affidavits from its vice president of finance, Gavin Lane. CR 14-31, SCR 353-58.

Lane testified that Trinidad Ltd. and Trinidad LP are separate and distinct entities and are operated as such. CR 28-30. The two entities do not share office space, do not commingle funds or share bank accounts, file separate tax returns and maintain separate accounting records. CR 29.

Lane explained that Trinidad Ltd. and Trinidad LP each have separate boards, management and policies. SCR 354. He testified that Trinidad LP owns the rig in question, having purchased it to perform a contract between it and Chesapeake Oil. SCR 354.

14

Lane testified that Trinidad LP has its own employees, and pays those employees. SCR 357. He testified that Trinidad LP has its own policies. SCR 357.

To the extent it was required to do so, Trinidad Ltd. met its burden of controverting the existence of personal jurisdiction.

## C. The evidence does not support the existence of specific personal jurisdiction.

Because Plaintiffs failed to meet their initial pleading burden, the Court should not need to reach Plaintiffs' argument that the "great weight" of the evidence supports jurisdiction. In actuality, Plaintiffs did not present any evidence of jurisdiction. Each piece of evidence that Plaintiffs cite is discussed in turn.

### 1. Trinidad Ltd. has an employee with the job title, "top drive rig superintendent."

Plaintiffs cite two emails that identify an employee with the job title of "top drive rig superintendent." Pls. Brief at 18-19. They then leap to the conclusion that "Trinidad Ltd. was involved in the oversight of Trinidad LP's drilling operations" and that Trinidad Ltd. had prior knowledge of similar accidents. Pls. Brief at 19.

The existence of a "top drive rig superintendent" is not evidence of oversight and knowledge. Plaintiffs present no evidence of this individual's job

15

responsibilities, or that this individual controlled Trinidad LP's activities. But even if this was evidence of oversight and knowledge, Plaintiffs do not explain how this would establish jurisdiction. *See PHC Minden, L.P. v. Kimberly-Clark Corp.,* 235 S.W.3d 163, 175-76.

Nor is the email referencing incidents of derrick strikes evidence of contacts between Trinidad Ltd. and Texas. Even if evidence of prior knowledge were relevant, the email is not such evidence. The email does not state when Trinidad Ltd. acquired knowledge of the strikes, nor does it establish similarity to Plaintiffs' accident.

### 2. The "remedial action" email.

Plaintiffs next cite Rodney Forman's July 21, 2010 email concerning remedial action plans. CR 79. They claim that this email somehow shows that Trinidad Ltd. controlled "operational details of drilling operations and crews." This is not proof of such control. It is simply a report of Forman's investigation into the incident. Forman is Trinidad LP's HSE manager, and he conducted the investigation in that capacity. SCR 357-58. He then travelled to Canada and shared his findings with Trinidad Ltd. *Id.*

Nor is the email evidence of contacts between Trinidad Ltd. and Texas. The email post dates the accident. By definition it does not evidence Texas contacts

16

that give rise to Plaintiffs' claims. *Moncrief Oil Int'l, Inc. v. OSO Gazprom,* 414

S.W.3d 142, 156 (Tex. 2013).

17

### 3.     Rodney Forman.

Plaintiffs argue that Rodney Forman somehow subjects Trinidad Ltd. to specific personal jurisdiction.  This is incorrect.

Forman was employed by Trinidad LP, not by Trinidad Ltd.    SCR 357.  And even if Trinidad Ltd. employed Forman, this still would not support specific personal jurisdiction.  There is no allegation or evidence that Forman's acts or negligence gives rise to Plaintiffs' claims.

### 4.     Trips to Texas & knowledge of Trinidad LP.

Finally, Plaintiffs cite trips to Texas by Trinidad Ltd. employees, and they argue that Trinidad Ltd. knew about and supported Trinidad LP's drilling operations.   This is an interesting argument given that Plaintiffs disavow an attempt to establish jurisdiction through veil piercing. In any event, this is not evidence of specific personal jurisdiction.

First, Plaintiffs' claims did not arise from trips to Texas by Trinidad Ltd. employees.  There is no evidence or allegation that any trip touched on Alvarado or the accident.  Rather, the undisputed evidence shows that the trips were made for the purpose of starting up and investing in Trinidad LP.  SCR 357

213232v.1

Nor does Trinidad Ltd.'s purported "knowledge and support" of Trinidad LP's activities support limited personal jurisdiction. Personal jurisdiction requires purposeful availment. Purposeful availment does not arise from mere knowledge. *Michiana,* 168 S.W.3d at 784-85.

Trinidad Ltd. is not subject to specific personal jurisdiction. The trial court's judgment should be affirmed.

## II.   Trinidad Ltd. is not subject to general personal jurisdiction.

Nor is there general personal jurisdiction.

General jurisdiction exists only if the defendant's contacts with Texas are "continuous and systematic so that the forum may exercise personal jurisdiction even if the lawsuit does not arise from or relate to activities conducted within the forum state." *BMC Software* 83 S.W.3d at 796. For general jurisdiction to arise, the "defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there." *PHC-Minden, LP v. Kimberly Clark Corp.,* 235 S.W.3d 163, 168 (Tex. 2007). Activities that are "less extensive" than this do not give rise to general personal jurisdiction. *Id.*

19

Stated differently: "For a corporation, the paradigm forum for the exercise of general jurisdiction is the place in which the corporation is fairly regarded as at home." *Knight Corp. v. Knight,* 367 S.W.3d 715, 727 (Tex. App. –Hou [14th Dist.] 2012, no pet.). Trinidad Ltd. is not at home in Texas.

Plaintiffs suggest that Trinidad Ltd. is subject to general jurisdiction in Texas because it exercised control over Trinidad LP. Pls. Br. At 31-32. Plaintiffs, in other words, seek to impute Trinidad LP's jurisdictional contacts to Trinidad Ltd. Plaintiffs did not plead jurisdictional veil piercing. Nor have they proved that Trinidad Ltd., and Trinidad LP "cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *BMC Software,* 83 S.W.3d at 799.

If it needs to be repeated, the evidence shows that the entities are separate. The two entities have separate books and records, file separate tax returns, have separate boards of directors, officers and employees, and have their own assets.

Nor is there fraud or injustice. Alvarado was employed by Trinidad LP. Trinidad LP supplied him with worker's compensation insurance. And Trinidad LP is answerable to Plaintiffs in Texas.

None of the other evidence cited by Plaintiffs supports general personal jurisdiction. Rodney Foreman is not employed by Trinidad Ltd.; he is employed

20

by Trinidad LP.  SCR 357.  And Trinidad Ltd. does not have a bank account in Texas.  The Texas Wells Fargo account that Plaintiffs cite is owned by Trinidad LP.  CR 356.

The evidence does not support existence of general jurisdiction.  The trial court's judgment should be affirmed.

## REQUEST FOR RELIEF

For the foregoing reasons, Trinidad Drilling Ltd. requests the Court to affirm the trial court's judgment and grant it all other relief to which it may be entitled.

/s/ Sean Higgins
Sean Higgins
Texas Bar No. 24001220
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone (713) 353-2000
Facsimile (713) 785-7780

ATTORNEY FOR APPELLEE
TRINIDAD DRILLING, LTD.

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 6,766 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

21

/s/ Sean Higgins
Sean Higgins

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document has been served via certified mail, return receipt requested on all counsel of record in compliance with the Texas Rules of Appellate Procedure on this 23rd day of March, 2015.

Geoffrey E. Shorr
geoff@schorrfirm.com
Texas Bar No. 24029828
A. Jared Aldinger
Texas Bar No. 24068456
jared@schorrfirm.com
SCHORR LAW FIRM, PC
328 W. Interstate 30, Suite 2
Garland, TX  75043
Tel. (972) 226-8860
Fax (972) 226-9787

Andrew P. McCormick
Texas Bar No. 3457100
amccormick@mlm-lawfirm.com
McCORMICK, LANZA & McNEEL, LLP
4950 Bissonnet Street
Bellaire, TX  77401
Tel. (713) 523-0400
Fax (713) 523-0408

Justin K. Hall
Texas Bar No. 90001828
jkhall@justinkhall.com
The Law Offices of Justin K. Hall, P.C.

213232v.1

328 W. Interstate 30, Suite 2
Garland, TX  75043
Tel. (972) 226-1999
Fax (972) 226-2221

/s/ Sean Higgins
Sean Higgins

213232v.1